UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Civil Action No. 3:18-CR-199 (GTS/DEP) |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | |
| | ) | |
| **$9,896.00 in U.S. Currency** | ) | |
| | ) | |
| **Defendant.** | ) | |

### VERIFIED COMPLAINT OF FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Tamara B. Thomson, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF ACTION

1) This is an action to forfeit and condemn to the use and benefit of the United States of America $9,896.00 in U.S. currency, which was involved in violation of 21 U.S.C. § 841 and 846 and 18 U.S.C. § 1956(h).

### THE DEFENDANT *IN REM*

2) The $9,896.00 in U.S. currency consists of the following denominations: 13 x $100s, 21 x $50s, 372 x $20s, 2 x $10s, 10 x $5s, and 36 x $1s. ("defendant currency") and was seized from the bedroom and makeshift recording studio of Akuan Johnson in Binghamton, New York.

3) The defendant currency is presently in the custody of the United States Marshal Service in Syracuse, New York.

## JURISDICTION AND VENUE

4) Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5) This Court has *in rem* jurisdiction over the defendant currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6) Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7) The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

21 U.S.C. § 881(a)(6) provides for the forfeiture of:

> all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 801 et seq., all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 801, *et seq*.

*Id.*

8) The defendant currency is subject to forfeiture pursuant to 18 U.S.C § 982(a)(1) pertaining to any property, real or personal, involved in an offense in violation of Title 18, United States Code, Section 1956.

## FACTS

9) The facts alleged in this complaint are based upon information and belief, the sources of which are reports from the Drug Enforcement Administration ("DEA"), and other written and oral information officially received by the Office of the United States Attorney for the Northern District of New York.

10) From October 2014 through September 2017, Akuan Johnson ("Johnson"), was involved in a conspiracy to distribute d-methamphetamine hydrochloride with co-conspirators, Alonzo Harris, Charles Green and others.

11) Johnson received multiple-pound shipments of d-methamphetamine hydrochloride from Harris. Johnson communicated directly with Harris to arrange purchases. The delivery of several of the shipments was facilitated by Green, insofar as Green arranged for receipt of the package in Binghamton, delivery of the d-methamphetamine hydrochloride to Johnson, collection of payment from Johnson, and then shipment of the payment to Harris.

12) For example, on July 31, 2017, Johnson received approximately five ounces of d-methamphetamine hydrochloride from a package that was sent from Harris and delivered via Green, who personally delivered the five ounces to Johnson. On August 2, 2017, Harris sent another package to Green; Green provided 1.5 pounds of d-methamphetamine hydrochloride from that package to Johnson. On August 21, 2017, Harris sent another d-methamphetamine hydrochloride package to Green, and instructed Green to provide Johnson one pound of d-methamphetamine hydrochloride. Law enforcement intercepted that package and confirmed that it included approximately 1.5 pounds of d-methamphetamine hydrochloride, a Schedule II controlled substance.

13) In connection with the acquisition of d-methamphetamine hydrochloride from Harris, Johnson repeatedly conducted financial transactions in order to transfer United States Currency to Harris. For example, on October 21, 2014, Johnson arranged a deposit of $5,702.00 in cash into a Horizons FCU account, and immediately obtained a cashier's check in the amount of $5,700.00 payable to one of Harris's associates.

14) On November 24, 2014, Johnson again made cash deposits into a Horizon FCU account and arranged for a cashier's check in the amount of $5,700.00 payable to one of Harris's associates.

15) On September 23, 2015, Johnson arranged for a $2,000.00 wire transfer to be made to another of Harris's associates. All of these transfers were made using the proceeds of methamphetamine trafficking activity and were intended to purchase additional methamphetamine.

16) On September 6, 2017, Johnson was indicted in the Northern District of New York along with his co-conspirators in *United States v. Alonzo Lamar Harris et al.* (3:17-CR-254 GTS) on charges of 21 U.S.C. §§ 841(a)(1) and 846 Conspiracy to Possess and Distribute Methamphetamine and 18 U.S.C. § 1956(h) Conspiracy to Commit Money Laundering.

17) On or about September 20, 2017, members of the Drug Enforcement Administration's Syracuse Resident Office and officers from state and local law enforcement agencies executed an arrest warrant on Akuan Johnson at his residence, located at 540 State Street, Binghamton, New York. Johnson was placed in custody and signed a Consent to Search form for the residence.

18) During the search, 100.7gg of marijuana was found in Johnson's bedroom, along with a portion of the defendant currency. Also seized from Johnson's bathroom was 269.8gg of crystal methamphetamine. The bathroom was attached to a makeshift recording studio where the remaining portion of the defendant currency was found, along with kilo wrappers.

19) Johnson stated he was charged $10,500.00 per pound of crystal methamphetamine, and that he received approximately 2 packages per month to sell.  He would then sell the crystal methamphetamine for about $1200.00/ounce.

20) On December 12, 2017, Johnson pled guilty to Counts 1 and 2 of Indictment 3:17-CR-254 (GTS) charging him with methamphetamine conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

## **POTENTIAL CLAIMANTS**

21) Upon information and belief, the person/s who may claim an interest in the defendant currency are not in the military service, is/are not infants and are not incompetent persons.

22) On or about November 21, 2017, DEA received an Administrative Claim for the defendant currency from Carrie Rodriguez.

**WHEREFORE**, the United States of America prays that process of issue in due form of law, according to the course of this Court in actions *in rem*, against the defendant currency and that a warrant issue for the arrest of the defendant as more particularly described herein; that all persons having any interest therein be cited to appear herein and answer the complaint; that a judgment be entered declaring the defendant condemned and forfeited to the United States of America for disposition in accordance with law; that the costs of this suit be paid to and recovered by the United States of America; and that the United States be granted such other and further relief as this Court may deem just and proper.

Dated: February 15, 2018

GRANT C. JAQUITH
United States Attorney

By:   /s/ Tamara B. Thomson
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF ONONDAGA       )

Michael J. Strangeway, being duly sworn, deposes and states:

I am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 15th day of February, 2018.

_____
Michael J. Strangeway, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this    15th    day of February, 2018.

_____
Notary Public

MICHELLE J. TROUBETARIS
Notary Public - State of New York
Qualified in Onondaga County
No. 01TR6152879
My Commission Expires September 25, 20__

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
$9,896.00 in U.S. Currency

**(b)** County of Residence of First Listed Plaintiff: Onondaga
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broome
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tamara Thomson, Assistant U.S. Attorney (315) 448-0672
United States Attorney's Office, 100 South Clinton Street
Syracuse, New York 13261

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- [X] 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
21 USC 881 and 18 U.S.C § 982(a)(1)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Hon. Glenn T. Suddaby
DOCKET NUMBER 3:17-CR-254

DATE: 02/15/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Tamara B. Thomson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT Waived - Gov't  APPLYING IFP _____  JUDGE GTS  MAG. JUDGE DEP

3:18-cv-199

[ Print ]  [ Save As... ]  [ Export as FDF ]  [ Retrieve FDF File ]  [ Reset ]